MARIA O. LOCH, complainant,

*v.*

HERMAN MÜTZ et ux., et al., defendants.

[Decided April 25th, 1923.]

1. Where the title to property purchased by the complainant's father was taken in the name of the defendant in 1898 and 1902, although it appeared that complainant's parents lived with the defendant and his family on the land for many years, a suit to declare a resulting trust as to the property, bought in 1921, was not barred by laches.

2. Judgment creditors stand in the shoes of the debtor and are not purchasers for value without notice as against one claiming that property standing in the debtor's name, is held under a resulting trust if the claim constituting the basis for the trust was paramount and one which the debtor was bound to recognize.

On pleadings and proofs.

*Mr. J. Emil Walscheid,* for the complainant.

*Messrs. Carrick & Wortendyke,* for answering defendants.

LEWIS, V. C.

This is a bill to establish a resulting trust as to certain property located on Hudson boulevard and Duer place, Weehawken, New Jersey. The property consists of lots Nos. 264 and 265, facing Hudson boulevard, and lots Nos. 266 and 267 facing Duer place, which are contiguous. The Hudson boulevard lots were purchased in 1898; and the Duer place lots in 1902, by Charles L. Gerdts, complainant's father. Title to both tracts was taken in the name of Herman Mütz. While there is some testimony in the case from which counsel for the answering defendants urge inferences may be drawn that some portion of the consideration may have been paid by Mütz, still, it is so vague that I am not convinced that he paid any part of the consideration; and I find that the full consideration for these properties was paid, either in cash or by the transfer of other property by Gerdts. A dwelling was erected upon the boulevard tract, and when it was completed, Charles L. Gerdts, the senior, moved into it, and his son, Charles Otto Gerdts, and his daughter, Maria (or Melito) O. Gerdts, and Herman Mütz and his wife Helena, resided there with him. Both the daughter and the son married later on and withdrew from the father's family, but Mr. and Mrs. Mütz continued to reside with the senior Gerdts. In 1921 the son died, leaving him surviving, his widow, Martha Gerdts, and a minor son, Roy Edward Gerdts, who are made defendants in this suit. About 1907 the father suffered a paralytic stroke, and from that time until his death, in 1920, he was an invalid and unable to care for himself. After the marriage of the son, in 1908, the father was entrusted to the care of the daughter under an arrangement whereby she was paid for his main-

tenance by Mütz. During the period that the first group had lived in the dwelling house together, Mr. and Mrs. Mütz paid a certain sum each week to the daughter, who managed that household for the family. Mütz and his wife remained in the boulevard dwelling until early in 1920, when Mütz absconded, having embezzled funds from an estate of which he was a trustee, and he has never returned. Thereafter, his wife, Helena Mütz, remained in sole possession of all the premises involved in this suit. The boulevard tract was subject to a mortgage of $5,500, held by Charles F. Ebsen, and the Duer place lots were charged with a mortgage of $1,000, given by Mütz and his wife, in 1905, to one Louise M. Henrichsen. After Mütz absconded an attachment was issued by Dora B. Wettlaufer and Eliza Yutte; and judgment thereon was later entered in their favor for a sum somewhat in excess of $19,000. No execution was ever issued on this judgment. Both the Ebsen mortgage and the Henrichsen mortgage were foreclosed; and in these foreclosure proceedings Dora B. Wettlaufer and Eliza Yutte were made parties by virtue of their judgment against Herman Mütz. Messrs. Carrick & Wortendyke were the solicitors for the complainants in the foreclosure of both mortgages. On May 4th, 1921, after final decrees of foreclosure had been entered, but before sale of the mortgaged premises, the solicitor for the complainant in the present suit notified Messrs. Carrick & Wortendyke, the solicitors for the complainants in the foreclosure proceedings mentioned, that the daughter of Charles L. Gerdts, the present complainant, and the widow and infant son of Charles O. Gerdts, claimed to be the equitable owners of the premises covered by those mortgages, and were entitled to take the same free and clear of the Wettlaufer and Yutte judgment, but subject to the two mortgages under foreclosure, which they claimed the right to redeem, not having been made parties to the foreclosure suit, and not being barred by the decrees therein. The foreclosure sale was thereupon adjourned to May 12th, 1921; and on May 10th the bill of complaint in the present suit was filed. On May 11th a *lis pendens* was filed and Carrick & Worten-

dyke were notified of this action. Nevertheless, on June 9th, 1922, the mortgaged premises were sold under the foreclosure proceedings. The boulevard tract was purchased by Dora B. Wettlaufer and Eliza Yutte for the sum of $16,000, being less than the amount of their judgment in the attachment proceedings. The Duer place tract was purchased by Patrick Rock for $6,700, but Rock afterwards refused to consummate the purchase, and he was relieved of his bid because of the pendency of the present suit, by an order of Vice-Chancellor Griffin, whose conclusions have been submitted in this case. There has been no appearance entered for, or defense interposed in behalf of, Herman Mütz or his wife, Helena Mütz. The mortgagees and the judgment creditors, however, deny the right of the complainant to impress a resulting trust upon the properties involved; and contend that even though the properties were originally purchased by the senior Gerdts, and taken in the name of Mütz, still complainant should not prevail in this action because of laches in the establishment of the resulting trust.

I am clear that the contention of the complainant with regard to the resulting trust should prevail.

The question of laches, however, is not free from doubt, but under all the circumstances of the case I am convinced that the enforcement of this trust in favor of those who are entitled to the benefits of that trust ought not to be defeated because of the long period which has elapsed since the transaction took place which gave rise to it.

The object of Gerdts in taking title in the name of Mütz is not clear. There is some intimation that it may have been for the purpose of avoiding creditors. He may have had other reasons. His long illness and incapacity would satisfactorily explain his failure to call upon Mütz to change the status. There is some evidence to the effect that he did, from time to time, refer to it. There is also evidence to the effect that both Mütz and his wife recognized the trust and made assertions to the effect that ultimately the properties would be transferred to the rightful owners.

But be all this as it may, it seems to me that neither the mortgagees nor the judgment creditors are in a position to object to the enforcement of this resulting trust, nor to interpose the defense of laches. The complainant tenders herself ready to take the property subject to the mortgages, and charged with the obligation to pay them in full, the principal and interest. This will make the mortgagees whole. The judgment creditors stand in the shoes of the debtor— and their rights can rise no higher than his. They are not purchasers for value without notice; and if the property to which their lien attached was subject to a paramount claim, which the debtor was bound to recognize and respond to, then those judgment creditors are bound by that same paramount claim and must yield to it.

I will, therefore, advise a decree in accordance with the prayer of the bill upon the terms herein indicated.